ROBERT NELSON ET AL., APPELLANTS, V. CITY OF OMAHA, APPELLEE, AND MLP ENTERPRISES, INTERVENOR-APPELLEE.

589 N.W. 2d 522

Filed February 26, 1999.   No. S-97-1175.

Christopher D. Curzon, of Dwyer, Smith, Grimm, Gardner, Pohren, Lazer & Rogers, for appellants.

Alan M. Thelen for appellee.

Michael J. Mooney and Jerry M. Slusky, of Gross & Welch, P.C., for intervenor-appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Subsequent to the approval of a proposed development by the Omaha City Council, a group of real property owners, Robert Nelson et al. (Homeowners), possessing land abutting and around the proposed development, filed a petition for injunctive relief and declaratory judgment against the City of Omaha. Homeowners alleged that the proposed development was a "Major Amendment" to a planned unit overlay district (PUD) originally approved by the Omaha City Council in 1984 and, therefore, required a supermajority vote of the city council for approval, rather than the 4-to-3 vote which occurred. After the developer, MLP Enterprises (MLP), was allowed to intervene, the district court entered judgment on the pleadings in favor of the City of Omaha and MLP. Homeowners now appeal from the district court's judgment and denial of their motion for new trial. For the reason that the Omaha Municipal Code does not require a five-sevenths vote of the city council to approve a "major amendment" to a PUD which does not involve a boundary change, we affirm.

## BACKGROUND

On April 4, 1997, MLP filed an application with the City of Omaha Planning Department, requesting to amend an existing PUD. A PUD is an overlay district which is used in combination with a base district and is adapted to the special needs of the different areas of the city. Omaha Mun. Code, ch. 55, art. XI, § 55-582 (1996). An overlay district is a district established to prescribe special regulations to a site that is to be used only in combination with a base district. Omaha Mun. Code, ch. 55, art. II, § 55-28 (1996). A base district is a district with established regulations governing its use and development. Omaha Mun. Code, ch. 55, art. II, § 55-15 (1996).

A PUD is intended to provide flexibility in the design of planned urban projects and may be used only in the manner permitted by the underlying base district. Omaha Mun. Code, ch. 55, art. XI, §§ 55-584 and 55-585 (1996). The purpose of a PUD is to encourage comprehensive planning of major developments and innovation in project design and to ensure com-

patibility with the surrounding environment. Omaha Mun. Code, ch. 55, § 55-584.

A PUD entails a legal description, a topographic map, a general site plan, and a utility site plan. It is essentially a "footprint" of the buildings and is required by the city of Omaha whenever multiple buildings are to be built on a single lot. The developer is required to build exactly as the plans indicate.

*Tuttle & Assoc. v. Gendler*, 237 Neb. 825, 828, 467 N.W.2d 881, 883 (1991). As we noted with regard to conditional zoning, a PUD is a device which allows the city flexibility to extract improvements that bare zoning ordinances do not provide. See *Giger v. City of Omaha*, 232 Neb. 676, 442 N.W.2d 182 (1989).

The Omaha Planning Department determined MLP's application for the proposed development to be a "major amendment to a planned unit overlay district" and unanimously approved it for recommendation. The application was then submitted for approval to the Omaha City Council. Prior to the vote of the Omaha City Council, a formal protest was filed by Homeowners, who believed that their protest would require the city council to approve the "major amendment" by a five-sevenths vote of the council members. The City of Omaha Law Department, however, determined that the formal protest did not apply to an "amendment" of a PUD. Thereafter, the Omaha City Council approved the "major amendment" by a vote of 4 to 3.

On August 27, 1997, Homeowners filed a petition against the City of Omaha, in the district court for Douglas County, alleging the following facts:

1. Plaintiffs are residents of the City of Omaha, in Douglas County, State of Nebraska, and are real property owners in, abutting and around the proposed development set forth in paragraph 3.

2. Defendant, City of Omaha, is a municipal corporation, pursuant to Omaha Municipal Code, City Charter §1.10, and existing as a city of the metropolitan class, pursuant to Neb.Rev.Stat. §14-10 et seq., in Douglas County, State of Nebraska.

3. The City of Omaha is duly constituted and authorized to exercise sundry zoning powers, pursuant to City Code

§§55-1 et seq. and Neb.Rev.Stat. §§14-401 et seq., and thereby regulate, restrict, control and oversee the commercial and residential development of real property within the jurisdictional boundaries of the City of Omaha.

4. On or about April 4, 1997, MLP Enterprises, 11780 Manchester Road, Suite 207, Des Peres, Missouri, 63131, filed an Application Planned Unit Development with the City of Omaha Planning Department and requested that an existing Planned Unit Development Overlay District, approved in 1984, on certain real property located informally southeast of 103rd Street and Hamilton Street, in the City of Omaha, Douglas County, Nebraska, and containing 13.2 acres, be amended to allow certain alterations. The proposed "Major Amendment to a Planned Unit Overlay District," was approved by the City of Omaha Planning Board on May 7, 1997.

5. On June 25, 1997, certain Plaintiffs filed a Formal Protest, with the City Clerk for the City of Omaha, to the Major Amendment to a Planned Unit Development Overlay District, pursuant to Omaha Code §55-590(I) and Neb.Rev.Stat. §14-405, and which protest would require the City Council to approve the Major Amendment to Planned Unit Development Overlay District by five-sevenths of the council members. Those signatories on the Formal Protest represented more than twenty percent (20%) of the abutting landowners to the real property described in paragraph 3.

6. Consideration of the Major Amendment to a Planned Unit Development Overlay District was scheduled for hearing before the City Council for the City of Omaha on July 29, 1997. Prior to the date of the council hearing, the City of Omaha Law Department determined that the Formal Protest was not effective as the aforementioned Omaha Code section did not apply to an amendment to a planned unit development overlay district but only applied to rezoning.

7. On or about July 29, 1997, the City Council for the City of Omaha adopted on a four to three vote an ordi-

nance approving the aforedescribed Major Amendment to a Planned Unit Development Overlay District.

In their petition, Homeowners contended that the City of Omaha Law Department erred in determining "the Formal Protest filed by the signatories thereto did not apply to the consideration and adoption of the Major Amendment to Planned Unit Development Overlay District, and a 4 to 3 vote was acceptable for passage of the ordinance instead of a 5 to 2 vote . . . ." Homeowners sought a declaratory judgment from the district court finding the Omaha City Council's 4-to-3 vote insufficient to approve the proposed development. Homeowners also requested injunctive relief to prevent the enforcement of the ordinance and the issuance of building permits for the proposed project.

MLP filed a petition of intervention, claiming an interest in the litigation and a potential for substantial damage if the project was delayed. Intervention was permitted, and MLP, along with the City of Omaha, filed answers to Homeowners' petition. MLP's answer alleged that the application for the amendment did not request any change in the boundaries of the PUD. Homeowners never filed a reply to either MLP's or the City of Omaha's answer. Thereafter, the City of Omaha and MLP each filed a motion for judgment on the pleadings, claiming that Homeowners' petition failed to state a cause of action. The matter was heard before the district court for Douglas County, and on September 18, 1997, the court entered judgment on the pleadings in favor of the City of Omaha and MLP on both causes of action. The court found the "major amendment" did not involve a change in boundaries and, therefore, approval of the amendment did not require a favorable vote of five-sevenths of all members of the city council. Homeowners then filed an application for a new trial, which was overruled by the court on October 14.

Homeowners filed a notice of appeal in the district court for Douglas County on November 12, 1997. We removed the case to our docket pursuant to our power to regulate the Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Homeowners contend, rephrased, that the district court erred in (1) finding that a 5-to-2 vote by the Omaha City Council was not required to approve the "major amendment" to the PUD, in light of Homeowners' formal protest made pursuant to Omaha Mun. Code, ch. 55, art. X, § 55-590(i) (1996), and Neb. Rev. Stat. § 14-405 (Reissue 1997), and (2) denying Homeowners' motion for a new trial.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *County of Seward v. Andelt*, 251 Neb. 713, 559 N.W.2d 465 (1997).

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Knowlton v. Harvey*, 249 Neb. 693, 545 N.W.2d 434 (1996); *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996).

## ANALYSIS

### FORMAL PROTEST

Homeowners' first assignment of error alleges that the district court erred in finding that a five-sevenths vote was not required by the Omaha City Council to approve the "major amendment" to the PUD. Homeowners argue that pursuant to § 55-590(i) of the Omaha Municipal Code and § 14-405, the formal protest required a supermajority of the Omaha City Council to approve the "major amendment."

Section 55-590 of the Omaha Municipal Code relates to the application and adoption process of a PUD district. Specifically, Omaha Mun. Code § 55-590(i) states "[a]ny protest against a PUD planned unit development overlay district shall be made and filed as provided by R.R.S. 1943, § 14-405, and amendments thereto." As referenced by § 55-590(i), § 14-405 provides:

> Such regulations, restrictions, and boundaries may from time to time be amended, supplemented, changed, modified, or repealed. *When a protest against a change of boundaries is presented to the city clerk at least six days*

*prior to the city council vote on such change, such change shall not become effective except by a favorable vote of five-sevenths of all members of the city council.* The protest shall be in writing, signed, and sworn and acknowledged pursuant to section 64-206 by the required owners. For purposes of this section, the required owners shall mean those fee simple owners of record as recorded by the register of deeds owning at least twenty percent of the area: (1) Included in the proposed change; (2) abutting either side of the proposed change; (3) abutting the rear of the proposed change; (4) abutting the front of the proposed change; or (5) directly opposite of the proposed change on the other side of a dedicated public right-of-way and extending fifty feet on either side of such opposite lot.

(Emphasis supplied.)

To determine when a formal protest of a major amendment to a PUD triggers the requirement of a supermajority vote of the city council, we must examine those portions of the Omaha Municipal Code pleaded by the parties which are part of the record. See *Hamersky v. Nicholson Supply Co.*, 246 Neb. 156, 517 N.W.2d 382 (1994). In analyzing the Omaha Municipal Code, a legislative enactment, we follow the same rules as those of statutory analysis. See, *Omaha City Emp. Local 251 v. City of Omaha*, 222 Neb. 412, 384 N.W.2d 271 (1986); *Retired City Civ. Emp. Club of Omaha v. City of Omaha Emp. Ret. Sys.*, 199 Neb. 507, 260 N.W.2d 472 (1977).

First, we look to the plain language of the code. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Popple v. Rose*, 254 Neb. 1, 573 N.W.2d 765 (1998); *McAllister v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 910, 573 N.W.2d 143 (1998). It is clear from the plain language of Omaha Mun. Code § 55-590(i) that a formal protest must be made and filed pursuant to § 14-405.

Homeowners claim that Omaha Mun. Code § 55-590(i) specifically refers to "any" protest against a PUD and that, therefore, "all" protests against PUDs require a supermajority

vote of the city council, regardless of the "change of boundaries" qualification found in § 14-405. We have stated that a statute may adopt all or a part of another statute by a specific reference, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute. *Clemens v. Harvey*, 247 Neb. 77, 525 N.W.2d 185 (1994). In this instance, it is a city code which has adopted a Nebraska statute by a specific reference. The adopting reference in Omaha Mun. Code § 55-590(i) does not limit the adoption to any specific portion of § 14-405. Homeowners' assertion that § 55-590(i) does not adopt the "change of boundaries" requirement in § 14-405 is without basis.

Section 14-405 clearly states that a five-sevenths vote of the city council is necessary when a protest is *"against a change of boundaries."* (Emphasis supplied.) There is nothing in the statute indicating that a five-sevenths vote is required to approve any other change that is protested. See § 14-405. It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997); *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). Accordingly, by the adoption of § 14-405, Omaha Mun. Code § 55-590(i) requires a vote of five-sevenths of the city council to approve an amendment *only* when "a protest [is] against a change of boundaries." § 14-405. If the formal protest is unrelated to a change in boundaries, there is no requirement that there must be a supermajority vote of the city council for approval.

In their petition, Homeowners never allege the protest was against a "change of boundaries." Homeowners specifically allege that the formal protest was filed against a "Major Amendment to a Planned Unit Development Overlay District." More accurately stated, the proposed amendment was an amendment to the development plan of the PUD. This is so because the proposed changes in the amendment deal with the design of the buildings and the utilization of the land encompassed by the PUD. Additionally, Homeowners conceded at oral argument that the actual physical placement and location of the

PUD were not altered in any manner by the "amendment" from the original PUD, which was adopted in 1984.

To get approval for a "major amendment" to the development plan of an existing PUD, MLP did exactly as required by the Omaha Municipal Code. Section 55-591 of the Omaha Municipal Code specifically provides for the approval of "major amendments" to the development plan of a PUD. Omaha Mun. Code, ch. 55, art. XI, § 55-591 (1996). There is no requirement that a "major amendment" to the development plan of a PUD be approved by a five-sevenths vote of the city council. See Omaha Mun. Code § 55-591. All that is required by § 55-591 to approve a "major amendment" is "approv[al] by the city council" after a recommendation for such amendment is submitted by the planning board. This procedure, as alleged by Homeowners in their petition, was followed.

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. In making such motion, the moving party admits the truth of all well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn from such facts. The moving party also admits the untruth of his own allegations insofar as they have been controverted. *Bohl v. Buffalo Cty.*, 251 Neb. 492, 557 N.W.2d 668 (1997). However, on a motion for judgment on the pleadings, a court cannot assume the existence of facts not alleged. *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993).

The district court correctly found that a five-sevenths vote was not required by the Omaha City Council to approve a "major amendment" which did not involve a change in the PUD's boundaries. Therefore, assuming the truth of all facts pleaded in Homeowners' petition and all reasonable inferences to be drawn from those facts, Homeowners never stated a claim. There was neither an allegation nor an inference that the "amendment" constituted a "change in boundaries." Notwithstanding, Homeowners attempted to argue, in their brief and at oral argument, that although not specifically alleged, a "change of boundaries" was implied by their general allegations.

In paragraph 4 of their petition, Homeowners allege that MLP's application requested that an "existing Planned Unit

Development Overlay District, approved in 1984, on certain real property located informally southeast of 103rd Street and Hamilton Street, in the City of Omaha, Douglas County, Nebraska, and containing 13.2 acres, be amended to allow certain alterations." This allegation indicates that "certain alterations" are to be made on the existing PUD, at the same location and containing the same amount of real property. In addition, MLP's answer specifically alleges that the proposed amendment did not involve any change of boundaries of the PUD. This allegation is deemed to be true because it was never controverted by Homeowners in that Homeowners never filed a reply to MLP's answer. See *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989) (holding failure to file reply controverting new allegation raised in answer to petition resulted in allegation's being taken as true).

Given paragraph 4 of Homeowners' petition and Homeowners' failure to controvert MLP's specific allegation that in the "amendment," there "were no changes required in the boundaries," the reasonable inference to be drawn is that Homeowners did not allege a "change of boundaries" in their petition. Consequently, the City of Omaha and MLP were entitled to judgment as a matter of law, and judgment on the pleadings was properly entered. Homeowners' first assignment of error is without merit.

## New Trial

In their second assignment of error, Homeowners assert that the district court erred in not granting them a new trial. A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998); *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997). The discretion of a trial court in ruling on a motion for new trial is only the power to apply the statutes and legal principles to all facts of the case; a new trial may be granted only where legal cause exists. *Hartley v. Guthmann*, 248 Neb. 131, 532 N.W.2d 331 (1995); *Wolfe v. Abraham*, 244 Neb. 337, 506 N.W.2d 692 (1993). A motion for new trial is to be granted only when error prejudicial to the

rights of the unsuccessful party has occurred. *Heye Farms, Inc. v. State*, 251 Neb. 639, 558 N.W.2d 306 (1997); *Farmers & Merchants Bank v. Grams*, 250 Neb. 191, 548 N.W.2d 764 (1996).

Homeowners' application for a new trial was properly denied because the City of Omaha and MLP were entitled to judgment as a matter of law. Homeowners' petition failed to state a cause of action, and therefore, judgment on the pleadings, in favor of the defendants, was proper. Because the City of Omaha and MLP were entitled to judgment as a matter of law, we find no error occurred that was prejudicial to the rights of Homeowners and no legal cause existed to grant a new trial.

## CONCLUSION

For the foregoing reasons, the decisions of the district court (1) granting judgment on the pleadings to the City of Omaha and MLP and (2) denying Homeowners' application for a new trial are affirmed.

AFFIRMED.