# IN THE SUPREME COURT OF IOWA

No. 08–1718

Filed July 16, 2010

**MARK TREMEL** and **BRUCE TREMEL,** Minors,
By **CITIZENS FIRST NATIONAL BANK** of
Storm Lake, Iowa, their Conservator,

    Appellants,

vs.

**IOWA DEPARTMENT OF REVENUE,**

    Appellee.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Harrison County, G.C. Abel, Judge.


The Iowa Department of Revenue seeks further review of the decision of the court of appeals reversing the district court's order on judicial review affirming the final order of the Director of the Iowa Department of Revenue denying the petitioners' claims for a refund on previously paid estate taxes, interest, and penalties. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**


Steven J. Roy, Denise M. Mendt, and Bridget C. Shapansky of Nyemaster, Goode, West, Hansell & O'Brien, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and James D. Miller, Assistant Attorney General, for appellee.

**BAKER, Justice**.

The Iowa Department of Revenue (IDOR) seeks further review of the decision of the court of appeals reversing the district court's order on judicial review affirming the final order of the Director of the IDOR denying the petitioners' claims for a refund on previously paid estate taxes, interest, and penalties. The IDOR argues that the court of appeals erred in interpreting Iowa Code section 451.12 in a manner that limits the department's ability to collect estate taxes only from property subject to inheritance tax under Iowa Code chapter 450 and in awarding the petitioners' attorney fees. The petitioners counter that the district court erred in determining the designated beneficiaries of a life insurance policy that was not included in the probate estate were responsible for the payment of the Iowa estate tax, and that they are entitled to litigation costs since the department was not substantially justified in collecting the estate tax from them. We find that Iowa Code section 450.12 permits the IDOR to assess and collect the estate tax from the beneficiaries of a life insurance policy, and therefore, we affirm the district court judgment affirming the final order of the Director of the IDOR.

### I. Background Facts and Proceedings.

Philip Tremel died intestate on September 22, 1998, leaving a surviving spouse, Lynne Tremel, and two minor children, Mark and Bruce Tremel. Lynne was appointed as the administrator of Philip's estate, and Citizens First National Bank of Storm Lake (Bank) was appointed as conservator for Mark and Bruce. At the time the estate was closed, it was insolvent, and no beneficiary received any property from the estate. At the time of Philip's death, he owned a life insurance policy on his own life naming Lynne as the primary beneficiary of the policy and Mark and Bruce as contingent beneficiaries. Lynne disclaimed her

interest in the policy, and Mark and Bruce became entitled to $516,130.15 in life insurance proceeds.

The estate filed its federal estate tax return, which showed the estate owed $129,838.71 in federal estate taxes. This figure was then adjusted down to $98,687.92 because of a federal credit for state death taxes. The estate owed $31,150.79 for Iowa estate taxes. Neither the federal nor Iowa estate taxes were paid by the administrator of the estate because the estate had no assets after the payment of administrative expenses.

The IDOR assessed Iowa estate tax against Mark and Bruce and attempted to collect the tax through an administrative levy on funds held by the Bank as conservator for the boys. The Bank entered into an agreement with IDOR paying the department $50,153.05, which represents $31,150.79 in Iowa estate tax and $19,002.26 in interest and penalties. The Bank filed timely claims for a refund on behalf of Mark and Bruce. IDOR denied the refund claims, and Mark and Bruce sought administrative relief.

A hearing was held on the matter before an administrative law judge (ALJ) who issued a proposed decision finding that the life insurance proceeds were not part of the estate for inheritance tax purposes, and that the collection tools and rights from the inheritance tax chapter were not incorporated into the estate tax chapter and could not be used to reach the life insurance proceeds. A second hearing was held to determine whether Mark and Bruce were entitled to attorney fees. The ALJ determined that the IDOR's position was not substantially justified and awarded Mark and Bruce reasonable attorney fees. The IDOR appealed both decisions of the ALJ to the Director of the IDOR, who issued a decision finding that the insurance proceeds are a part of

the gross and net estate for estate tax purposes, and therefore, actions may be brought against Mark and Bruce because they were the beneficiaries of the insurance policy.

Mark and Bruce filed a petition for judicial review with the district court which affirmed the decision of the Director. Mark and Bruce appealed, and the appeal was routed to the court of appeals. The court of appeals reversed the district court, concluding that "there is no statutory language in chapter 451 clearly imposing liability for estate tax on named beneficiaries of life insurance proceeds not part of the probate estate." The court ordered that the collected tax, plus penalties and interest, be refunded to Mark and Bruce, and that they were entitled to reasonable litigation costs.

The IDOR filed an application for further review with this court which we accepted.

**II. Scope of Review.**

Both parties agree that the scope of our review is determined by Iowa's Administrative Procedure Act, Iowa Code chapter 17A, and further agree that we are reviewing for correction of errors at law. We do not believe that the issue is this simple. Although the result does not change, we believe we must determine the appropriate scope of review.

Under the Iowa Administrative Procedure Act,

> [a]n agency's interpretation of law is given deference if authority to interpret the law has "clearly been vested by a provision of law in the discretion of the agency." If the interpretation is so vested in the agency, then the court may reverse an agency's interpretation only if it is "irrational, illogical, or wholly unjustifiable." If, however, the interpretation of a provision of law is not vested in the discretion of the agency, our review is for correction of errors at law and we are free to substitute our interpretation of the statute de novo.

*AOL LLC v. Iowa Dept. of Revenue*, 771 N.W.2d 404, 408 (Iowa 2009) (quoting Iowa Code § 17A.19 (10)(*l*) (Supp. 1999)).

"[W]e must examine the specific statutory provision at issue in this case and decide whether the legislature intended the board to have interpretive authority with respect to that provision." *Clay County v. Pub. Employment Relations Bd.*, 784 N.W.2d 1, 5 (Iowa 2010). Here, the taxpayers challenge the department's interpretation of Iowa Code section 451.12. That section provides, in part:

> All the provisions of chapter 450 with respect to the lien provisions of section 450.7, and the determination, imposition, payment, and collection of the tax imposed under that chapter, including penalty and interest upon delinquent taxes and the confidentiality of the tax return, are applicable to this chapter, except as they are in conflict with this chapter. . . .

Iowa Code § 451.12 (1997).

If the IDOR has clearly been vested with discretion to interpret section 451.12, we will reverse the department's interpretation only if it is "irrational, illogical, or wholly unjustifiable." *Id.* § 17A.19 (10)(*l*). "The question of whether interpretive discretion has clearly been vested in an agency is easily resolved when the agency's enabling statute explicitly addresses the issue." *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 11 (Iowa 2010). In this case, the legislature has explicitly given the Director of the IDOR the power to "adopt rules necessary for the enforcement of this chapter" in Iowa Code section 451.12, the statutory provision at issue in this case. Iowa Code § 451.12.

If the legislature had not explicitly given the IDOR authority to interpret section 451.12, then we would examine "the phrases or statutory provisions to be interpreted, their context, the purpose of the statute, and other practical considerations to determine whether the

legislature intended to give interpretive authority [to the IDOR]." *Renda*, 784 N.W.2d at 11–12. The statute's purpose, providing for collection procedures of the tax assessed in chapter 451, requires the IDOR to adopt some but not all of the provisions of chapter 450; it also requires the IDOR to determine which parts of chapter 450 are in conflict with chapter 451. Further, the context and practical considerations of adapting the procedures in chapter 450 to chapter 451 lead us to find that the legislature intended to give interpretive authority to the IDOR.

We conclude that the interpretation of section 451.12 has "clearly been vested" in the IDOR. Iowa Code § 17A.19(10)(*l*). As a result, the interpretation by the department will be found invalid only if it is "irrational, illogical, or wholly unjustifiable." *Id.* We also note that "[b]ecause factual determinations are by law clearly vested in the agency, it follows that application of the law to the facts is likewise vested by a provision of law in the discretion of the agency." *Iowa Ag Constr. Co. v. Iowa State Bd. of Tax Review*, 723 N.W.2d 167, 174 (Iowa 2006); *accord* Iowa Code § 17A.19(10)(*f*); *see also Mycogen Seeds v. Sands*, 686 N.W.2d 457, 465 (Iowa 2004). We will therefore reverse the agency's application of the law to the facts only if we determine such application was "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(*m*); *see also Mycogen Seeds*, 686 N.W.2d at 465.

### III. Discussion and Analysis.

The question we must answer is whether the designated beneficiaries of a life insurance policy not included in the probate estate may be held responsible for the Iowa estate tax. The resolution of this issue involves the interplay of the inheritance tax provisions in Iowa Code chapter 450, the estate tax provisions of Iowa Code chapter 451, and several provisions of the Federal Tax Code.

**A.** **Statutory Scheme.** The Internal Revenue Code imposes a federal estate tax on the transfer of the taxable estate of every decedent. 26 U.S.C. § 2001 (1994). Under the statute, the taxable estate is the gross estate minus certain allowable deductions. *Id.* § 2053. At the time of Philip's death, a credit was allowed for the amount of any state death taxes actually paid by the estate. *Id.* § 2011.[1]

In addition to the federal estate tax, at the time of Philip's death the State of Iowa imposed an estate tax upon the transfer of the total net estate of every decedent dying after April 1929. Iowa Code § 451.4. The Iowa estate tax was governed by chapter 451 of the Code.[2] Under this chapter, the net estate was determined by taking the gross estate as it is defined for federal tax purposes, minus deductions permitted by federal law. *Id.* § 451.3. Under the Internal Revenue Code, the gross estate is defined as the value of all property, real or personal, tangible or intangible at the time of the decedent's death. 26 U.S.C. § 2031. This definition includes the proceeds of life insurance receivable by the estate executor or receivable by other beneficiaries. *See id.* § 2042(1) (stating the value of the gross estate shall include property received by the executor, including amounts received by all other beneficiaries "as insurance under policies on the life of the decedent").

The inheritance tax is a tax on the receipt of property from a decedent. *In re Millard's Estate*, 251 Iowa 1282, 1291, 105 N.W.2d 95,

---

[1]Since the filing of this case many changes have been made to the Internal Revenue Code's chapter on estate tax. The Economic Growth and Tax Relief Reconciliation Act of 2001 phased out the state death tax credit. Economic Growth and Tax Relief Reconciliation Act of 2001 § 531, 26 U.S.C. § 2011(b)(2) (Supp. 2002)). In accordance with the 2001 act, in 2005 the credit was replaced by a federal estate tax deduction for state death taxes which are actually paid. *Id.* § 532(d), 26 U.S.C. § 2058 (Supp. 2005)).

[2]This Chapter was repealed in 2008. 2008 Iowa Acts ch. 1119, § 37 (codified at Iowa Code ch. 451 (2009)).

101 (1960). An estate tax, on the other hand, is a tax on property held by a decedent at the time of death. A state estate tax typically " 'acts as a 'pick-up' or 'sponge' tax, merely imposing tax up to the amount of the allowable federal credit, thereby shifting revenue from the federal government to the states.' " Tye J. Klooster, *Repeal of the Death Tax? Shoving Aside the Rhetoric to Determine the Consequences of the Economic Growth and Tax Relief Reconciliation Act of 2001*, 51 Drake L. Rev. 633, 651 (2003) (quoting Krisanne M. Schlachter, *Repeal of the Federal Estate and Gift Tax: Will It Happen and How Will It Affect Our Progressive Tax System?*, 19 Va. Tax. Rev. 781, 799 (2000)); *see also* Iowa Code § 451.2 (providing for the Iowa estate tax in an amount equal to the federal estate tax credit for state death taxes).

**B. The Adopting Statute.** The IDOR argues that it has the authority under Iowa Code sections 451.12 and 450.55 to collect the Iowa estate tax from persons entitled to property subject to the Iowa estate tax. It is clear from the structure of the federal estate tax provisions and the language in Iowa Code chapter 451 that the Iowa estate tax was intended to mirror the federal estate tax to some degree. *See* 26 U.S.C. § 2011 (providing for the state death tax credit); *see also* Iowa Code § 451.3 (defining the gross estate for Iowa tax purposes in terms of the federal definition). However, the Iowa legislature must still provide for the determination, imposition, and collection of this tax under Iowa law. It did so through Iowa Code section 451.12, which adopts all of the provisions from chapter 450 dealing with the determination, imposition, payment and collection of the tax that are not in conflict with chapter 451.

Iowa Code section 451.12 is an adopting statute. *See, e.g., Nelson v. City of Omaha,* 589 N.W.2d 522, 528 (Neb. 1999). This means its

language refers to another statute and makes the language of that statute applicable to the subject matter of section 451.12. 1A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 22:25, at 328 (7th ed. 2009) ("When a statute adopts the provisions of another statute by specific reference, the effect is as if the referenced statute had been incorporated into the adopting statute."). "[A] statute may adopt all or a part of another statute by a specific reference, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute." *Nelson*, 589 N.W.2d at 528.

> Incorporation by reference is a perfectly acceptable and appropriate method of drafting legislation. The purpose of such practice is to incorporate into the new act the provisions of other statutes by reference and adoption, and in so doing to avoid encumbering the statute books by unnecessary repetition.

73 Am. Jur. 2d *Statutes* § 16, at 242 (2001). The language of the adopting statute, Iowa Code section 451.12, provides in pertinent part:

> All the provisions of chapter 450 with respect to . . . the determination, imposition, payment, and collection of the tax imposed under that chapter . . . are applicable to this chapter, except as they are in conflict with this chapter.

The Generation Skipping Transfer Tax chapter and the Qualified Use Inheritance Tax chapter have similar provisions. *See* Iowa Code § 450A.12 ("All of the provisions of chapter 450 with respect to the payment and collection of the tax imposed under that chapter . . . are applicable to the provisions of this chapter, except as they are in conflict with this chapter."); *id.* § 450B.7 ("All the provisions of chapter 450 with respect to the payment, collection and administration of the inheritance tax imposed under that chapter . . . are applicable to the provisions of this chapter to the extent consistent."). It is clear from this language that the legislature intended for the detailed provisions of chapter 450,

providing for tax collection procedures, to fill in the holes in other more sparsely compiled tax chapters.[3]

The IDOR argues that in accordance with Iowa Code section 451.12, the language of Iowa Code sections 450.55 and 450.5 are incorporated by reference into Iowa Code chapter 451. The IDOR claims that these sections allow for the collection of estate tax against any persons entitled to property which is subject to the tax.

> The pertinent provisions of the inheritance tax statute read:
>
> [T]he director of revenue and finance may bring, or cause to be brought in the director's name of office, suit for the collection of the tax, penalty, interest, and costs, against the personal representative or against the person entitled to property subject to the tax . . . and upon obtaining judgment may cause execution to be issued as is provided by statute in other cases.

*Id.* § 450.55. Similarly, Iowa Code section 450.5 provides:

> Any person becoming beneficially entitled to any property or interest in property by any method of transfer as specified in this chapter, and all personal representatives and referees of estates or transfers taxable under this chapter, are respectively liable for all taxes to be paid by them respectively.

The IDOR also promulgated a rule to implement these sections and incorporate them into the estate tax chapter which provides that "[t]he personal representative of the decedent's estate and any person, including a trustee, in actual or constructive possession of any property included in the gross estate, have the duty to file the return with the department and pay the tax due." Iowa Admin. Code r. 701–87.3(4).

---

[3]Chapter 450 contains over ninety-seven sections detailing how the applicable tax must be computed and collected. *See* Iowa Code ch. 450. In contrast, chapters 450A, 450B and 451 dealing with the generation skipping transfer tax, the qualified use inheritance tax, and the estate tax each have less than fifteen sections. *See* Iowa Code chs. 450A, 450B, 451.

The beneficiaries point out, however, that the life insurance payable to Mark and Bruce is not taxable and cannot be reached under chapter 450. *See In re Brown's Estate*, 205 N.W.2d 925, 926 (1973) (holding life insurance payable to a named beneficiary is not taxable for inheritance tax purposes). Further, because the boys were lineal descendants of the deceased, any property received by them is exempt from inheritance tax. Iowa Code § 450.9 (Supp. 1997). In addition, tax liens for inheritance taxes cannot be placed upon property inherited by lineal descendants. *Id.* § 450.7 (Supp. 1997). There is no corresponding exemption in the estate tax chapter for life insurance proceeds or property received by lineal descendants. Nonetheless, the beneficiaries argue that these provisions in chapter 450 prevent the assessment and collection of chapter 451 estate taxes from the life insurance proceeds they received because the provisions of chapter 450 are incorporated into chapter 451.

Iowa Code section 451.12 specifically provides that all of the determination and collection procedures are applicable "except as they are in conflict with this chapter." A conflict exists in the definition of what property is taxed under the inheritance tax and the estate tax chapters. Therefore, provisions exempting property from assessment and collection that is taxable under the inheritance tax chapter would be in conflict with the estate tax chapter. The exemptions for life insurance payable to a named beneficiary and transfers to lineal descendants are two specific examples that would not be incorporated into chapter 451 because they would be in conflict with the provisions of that chapter.

When we read into chapter 451 the provisions of sections 450.5 and 450.55 as if they were part of that chapter, Mark and Bruce, as beneficiaries of Philip's life insurance policy, are "person[s] entitled to

property subject to the tax" or "entitled to any property or interest in property by any method of transfer as specified in this chapter . . . ." Iowa Code §§ 450.55, .5. Mark and Bruce, therefore, as recipients of the life insurance proceeds which were taxable under the estate tax chapter, are liable for the estate tax and may be assessed for that tax. We determine that the IDOR's interpretation of Iowa Code section 451.12 and subsequent collection of the estate tax was not irrational, illogical, or wholly unjustifiable.

## IV. Disposition.

We hold that Iowa Code section 451.12 permits the IDOR to assess and collect the estate tax from Mark and Bruce as beneficiaries of the life insurance policy, and therefore, we affirm the district court judgment affirming the final order of the Director of the IDOR.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**