STATE OF NEBRASKA, APPELLEE, V.
OFELIA GAMEZ-LIRA, APPELLANT.
645 N.W.2d 562

Filed June 14, 2002.    No. S-01-805.

James G. Kube, of Stratton, Ptak & Kube, P.C., for appellant.

Don Stenberg, Attorney General, and Jodi M. Fenner for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This case arises from a denial of postconviction relief by the district court for Madison County. Appellant, Ofelia Gamez-Lira, pled guilty to issuing a bad check, a Class IV felony. She

was sentenced to an indeterminate term of incarceration of 1 to 3 years, and she was ordered to pay restitution in the amount of $2,124.15, along with the costs of prosecution. Gamez-Lira filed a motion for postconviction relief alleging that her sentence was unconstitutional. The trial court denied Gamez-Lira's motion. We affirm.

## BACKGROUND

Between June 12 and August 12, 2000, Gamez-Lira obtained services or merchandise approximately 31 times by issuing or passing a check knowing that she had no account with the drawee at the time or knowing that she did not have sufficient funds in or credit with the drawee for payment thereof. The original information charged Gamez-Lira with three Class IV felonies. The information was amended to one Class III felony charge of issuing a bad check. Gamez-Lira eventually pled guilty to one count of issuing a bad check, a Class IV felony.

The trial court accepted Gamez-Lira's plea of guilty and scheduled a presentence investigation. The record does not reflect that Gamez-Lira filed a motion to quash, plea in abatement, or demurrer; nor does the record reflect that she filed a direct appeal in this case. Gamez-Lira served 156 days' imprisonment while awaiting sentencing. The trial court sentenced her to an indeterminate term of incarceration of 1 to 3 years, with credit given for time served. Gamez-Lira was ordered to pay restitution in the amount of $2,124.15 within 2 years following her release from incarceration, along with the costs of prosecution.

Gamez-Lira filed a motion for postconviction relief alleging that a sentence of imprisonment was illegal. She noted article I, § 20, of the Nebraska Constitution states that " '[n]o person shall be imprisoned for debt in any civil action on mesne or final process' " and argued that there is no exception for fraud. Therefore, according to Gamez-Lira, the penalty of imprisonment based upon the issuance of a bad check for the payment of a civil debt violated article I, § 20. The trial court denied the motion.

## ASSIGNMENTS OF ERROR

Gamez-Lira alleges that the trial court erred in (1) finding that under Neb. Rev. Stat. § 28-611 (Reissue 1995) "incarceration is a constitutional form of punishment in light of the

constitutional language," (2) failing to find that she was being incarcerated unconstitutionally, and (3) denying her motion for postconviction relief.

## STANDARD OF REVIEW

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001).

A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002).

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Hynek*, 263 Neb. 310, 640 N.W.2d 1 (2002).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

## ANALYSIS

Despite Gamez-Lira's failure to file a direct appeal, the trial court concluded that she may proceed under a motion for postconviction relief. We disagree. We do, however, agree with the ultimate decision of the trial court denying Gamez-Lira's motion for postconviction relief. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Parmar, supra.*

Neb. Rev. Stat. § 29-3001 (Reissue 1995) states that a postconviction action is available to a prisoner on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment of a court void or voidable under the state or federal Constitution. However, a motion for

postconviction relief is not a substitute for an appeal. *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000).

 A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal, no matter how the issues may be phrased or rephrased. See, *State v. El-Tabech, supra*; *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999). We hold that Gamez-Lira is procedurally barred from raising her assignments of error. Each assigned error was of the type that could have been raised by direct appeal. Because they were not so raised, we determine that Gamez-Lira is barred from raising them at this time on a motion for postconviction relief. See *State v. Brunzo*, 262 Neb. 598, 634 N.W.2d 767 (2001).

## CONCLUSION

For the reasons discussed above, which differ from those stated by the trial court, we affirm the holding of the trial court denying Gamez-Lira's motion for postconviction relief. We determine that Gamez-Lira is procedurally barred from raising her assignments of error.

AFFIRMED.