STATE OF NEBRASKA, APPELLANT, V.
DONNA J. RABOURN, APPELLEE.
693 N.W.2d 291

Filed March 18, 2005. No. S-04-405.

Jon Bruning, Attorney General, and J. Kirk Brown, Solicitor General, for appellant.

Mark M. Sipple, of Sipple, Hansen, Emerson & Schumacher, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The issue presented in this criminal appeal is whether portions of Nebraska's Abstracters Act, Neb. Rev. Stat. §§ 76-535 to 76-558 (Reissue 1996 & Cum. Supp. 2000), are overbroad and therefore unconstitutional. The county and district courts for Platte County so held, and the State has timely perfected this appeal pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004).

## FACTS

On March 20, 2003, a complaint was filed against Donna J. Rabourn in the county court for Platte County alleging that she had committed a Class III misdemeanor by unlawfully failing to comply with the Abstracters Act and illegally engaging in the business of abstracting. The complaint was subsequently amended to specifically allege that Rabourn, "on or about the 21st day of November, 2001 through the 22nd day of February, 2002," failed to comply with the Abstracters Act and "illegally engaged in the business of abstracting" by "preparing reports of title to real property without an abstractor's license."

Rabourn filed a motion to quash the complaint, asserting that the Abstracters Act was void for vagueness and facially overbroad. After conducting a hearing, the county court issued an order on July 22, 2003, in which it concluded that the Abstracters Act was unconstitutionally overbroad only in the use of the term " 'Report of Title' " and therefore sustained Rabourn's motion to quash. The court did not reach the issue of whether the Abstracters Act was void for vagueness, other than to note that "it is questionable that [Rabourn] has established standing to challenge the statute for vagueness." The State appealed this ruling to the district court, which affirmed.

## ASSIGNMENT OF ERROR

In its sole assignment of error, the State asserts, restated, that the lower courts erred in concluding that the Abstracters Act is unconstitutionally overbroad on its face.

## STANDARD OF REVIEW

■ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below. *Welvaert v. Nebraska State Patrol*, 268 Neb. 400, 683 N.W.2d 357 (2004); *Slansky v. Nebraska State Patrol*, 268 Neb. 360, 685 N.W.2d 335 (2004).

■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Hogan v. Garden County*, 268 Neb. 631, 686

N.W.2d 356 (2004); *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004).

## ANALYSIS

■ Rabourn asserts that the Abstracters Act infringes on the right to freedom of speech protected by both the U.S. and Nebraska Constitutions. The parameters of the constitutional right to freedom of speech are the same under both the federal and the state Constitutions. *State v. Hookstra*, 263 Neb. 116, 638 N.W.2d 829 (2002); *Village of Winslow v. Sheets*, 261 Neb. 203, 622 N.W.2d 595 (2001); *Pick v. Nelson*, 247 Neb. 487, 528 N.W.2d 309 (1995). Accordingly, we apply the same analysis to the state and federal constitutional claims.

During the time period referenced in the operative complaint, the Abstracters Act was codified in the 1996 reissue of the Nebraska Revised Statutes. Section 76-537 provided in relevant part:

> As used in the Abstracters Act, unless the context otherwise requires:
>
> (1) Abstract of title shall mean a compilation in orderly arrangement of the materials and facts of record affecting the title to a specific piece of land, issued under a certificate certifying to the matters contained in such compilation;
>
> . . . .
>
> (3) Business of abstracting shall mean the making, compiling, and selling of abstracts of title or any part thereof or preparing written reports of title to real property;
>
> . . . .
>
> (8) Registered abstracter shall mean an individual, registered under the Abstracters Act, holding an operative certificate of registration who for a fee or other valuable consideration compiles or certifies abstracts of title or any part thereof to real property in any county within this state or who prepares reports of title; and
>
> (9) Report of title shall mean any type of summary of facts of record affecting the title to a specific piece of land which does not purport to constitute an opinion as to the state of the title and which is prepared by a person other than an attorney licensed to practice law in the State of Nebraska.

Report of title shall not include a title insurance commitment or policy or information or opinions given by a register of deeds in response to inquiries from the public.

Section 76-538 provided: "Any person . . . engaged in the business of abstracting shall be required to be licensed as required by the Abstracters Act." Section 76-558 provided in part: "Any individual or business entity engaged in the business of abstracting in this state without having complied with the Abstracters Act shall be guilty of a Class III misdemeanor." For the sake of completeness, we note that the Abstracters Act is now codified in the 2003 reissue of the Nebraska Revised Statutes and includes certain amendments, enacted in 2002, which are not relevant to the issue before us here. See 2002 Neb. Laws, L.B. 1071. We will refer to the Abstracters Act as it existed during the time period stated in the operative complaint.

Familiar general principles govern our consideration of whether the statutes in question are unconstitutional. A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004); *State v. Worm*, 268 Neb. 74, 680 N.W.2d 151 (2004). The burden of establishing a statute's unconstitutionality is on the party claiming it to be unconstitutional. *State v. Van, supra*; *State v. Gamez-Lira*, 264 Neb. 96, 645 N.W.2d 562 (2002). A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994). A statute is unconstitutionally overbroad and thus offends the First Amendment if, in addition to forbidding speech or conduct which is not constitutionally protected, it also prohibits the exercise of constitutionally protected speech. *State v. Hookstra*, 263 Neb. 116, 638 N.W.2d 829 (2002). A statute may be invalidated on its face, however, only if its overbreadth is "substantial," i.e., when the statute is unconstitutional in a substantial portion of cases to which it applies. *Id.*; *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). Stated another way, in order to prevail upon a facial attack to the constitutionality of a statute, the challenger must show either that every application of the statute creates an impermissible risk of suppression of ideas or that the statute is "substantially" overbroad, which requires the court to find a

realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court. *Id.* The requirement that the overbreadth be substantial arose from the recognition that the application of the overbreadth doctrine is " ' " " 'manifestly strong medicine.' " " ' " *State v. Hookstra*, 263 Neb. at 122, 638 N.W.2d at 834, quoting *State v. Kipf, supra*, and *Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 107 S. Ct. 2568, 96 L. Ed. 2d 500 (1987).

Rabourn contends that the Abstracters Act, as it relates to the preparation of reports of title, is unconstitutionally overbroad because it criminalizes the preparation of any written summary of facts of record pertaining to real property, regardless of whether the summary purports to constitute an opinion as to the state of title and regardless of whether a fee is charged. Rabourn contends that neither § 76-538, § 76-537(3), nor § 76-537(9) requires that a report of title be done " 'for a fee or other valuable consideration' " in order to come within the statutory definition of the "business of abstracting." Brief for appellee at 6. As an example of the claimed overbreadth, Rabourn argues that an unlicensed person who examines and prepares a summary of public records pertaining to real property as a favor to a relative would commit a criminal offense under the Abstracters Act as written. The State, on the other hand, argues that the Abstracters Act legitimately regulates only the " 'business' " of abstracting, which it claims involves the preparation of reports of title gathered from public records and provided to members of the public for a fee or other valuable consideration. Brief for appellant at 10.

Generally, the "business of abstracting titles to real estate is affected with a public interest" such that a state may utilize its police power to regulate those who engage in such business for the protection of the public. 1 Am. Jur. 2d *Abstracts of Title* § 5 at 368 (1994). In enacting the Abstracters Act, the Nebraska Legislature expressly stated that its purpose was "to safeguard the welfare and property of citizens of this state and to insure that abstracters serving the public meet minimum standards of proficiency and competency." § 76-536. To that end, the Abstracters Act regulates the "business of abstracting," § 76-538, by requiring that any person or entity engaged in such business be "licensed as required by the Abstracters Act," *id.*, and by further

providing that an "individual or business entity engaged in the business of abstracting in this state without having complied with the Abstracters Act shall be guilty of a Class III misdemeanor," § 76-558.

Generally, the term "business" denotes "[a] commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain." Black's Law Dictionary 211 (8th ed. 2004). However, the issue presented in this case arises from the fact that in § 76-537(3), the Legislature specifically defined the phrase "[b]usiness of abstracting" as used in the Abstracters Act as "the making, compiling, and selling of abstracts of title or any part thereof *or* preparing written reports of title to real property." (Emphasis supplied.) Also, § 76-537(8) defines "[r]egistered abstracter" for purposes of the Abstracters Act as one "who for a fee or other valuable consideration compiles or certifies abstracts of title or any part thereof . . . *or* who prepares reports of title." (Emphasis supplied.) The emphasized conjunctive "or" in each of these statutory provisions, together with the absence of any specific reference to fees or valuable consideration with respect to "reports of title," lends support to Rabourn's interpretation that the "business of abstracting" includes both the preparation and certification of abstracts for a fee and the preparation of title reports regardless of whether done in exchange for some form of compensation. While grammatically defensible, this interpretation is inconsistent with the Legislature's use of the word "business" in describing what it sought to regulate and its stated purpose of safeguarding the welfare and property of the citizenry. Thus, we conclude that an ambiguity exists in the statutory language defining the phrase "business of abstracting" as used in the Abstracters Act.

As noted, the unconstitutionality of a statute must be clearly demonstrated before a court can declare the statute unconstitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003); *Swanson v. State*, 249 Neb. 466, 544 N.W.2d 333 (1996). Although we construe penal statutes strictly, we nonetheless give them a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. See, *State v. Hynek*, 263 Neb.

310, 640 N.W.2d 1 (2002); *State v. Hookstra*, 263 Neb. 116, 638 N.W.2d 829 (2002); *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987). When a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted. *Id.* Also, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *State v. March*, 265 Neb. 447, 658 N.W.2d 20 (2003); *State v. Rhea*, 262 Neb. 886, 636 N.W.2d 364 (2001).

Historically, the doctrine of facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute. *State v. Hookstra, supra.* We conclude that the statutory definition of the "business of abstracting" as used in the Abstracters Act is reasonably amenable to a limiting construction which is consistent with legislative intent while preventing unconstitutional overbreadth. Accordingly, we hold that "preparing written reports of title to real property" constitutes the "business of abstracting" for purposes of the Abstracters Act only when done in exchange for a fee or other valuable consideration. See § 76-537(3) and (8). So construed, the Abstracters Act is not unconstitutionally overbroad on its face.

## CONCLUSION

For the reasons stated herein, we conclude that the district court erred in affirming the judgment of the county court sustaining Rabourn's motion to quash and dismissing the complaint. We therefore sustain the State's exception. Because jeopardy had not attached prior to the entry of the judgment of the county court, our disposition of this appeal permits the cause to proceed as set forth in Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2004). See *State v. Bottolfson*, 259 Neb. 470, 610 N.W.2d 378 (2000). Accordingly, we remand the cause to the district court with directions to reverse the judgment of the county court and remand for further proceedings consistent with this opinion.

EXCEPTION SUSTAINED, AND CAUSE
REMANDED WITH DIRECTIONS.