278 Neb. 855
STATE OF NEBRASKA, APPELLEE,
v.
TODD A. RUNG, APPELLANT.
No. S-08-878.
Supreme Court of Nebraska.
Filed November 13, 2009.
Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.
Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Todd A. Rung appeals his conviction for use of a computer to entice a child or a peace officer believed to be a child for sexual purposes, a violation of Neb. Rev. Stat. § 28-320.02 (Reissue 2008). Rung challenges the constitutionality of § 28-320.02 and asserts that his sentence is excessive. We reject Rung's constitutional challenges, and we affirm Rung's conviction and sentence.

STATEMENT OF FACTS
The State filed an information in the district court for Lancaster County charging Rung with a violation of § 28-320.02(1), which at that time provided:
No person shall knowingly solicit, coax, entice, or lure (a) a child sixteen years of age or younger or (b) a peace officer who is believed by such person to be a child sixteen years of age or younger, by means of a computer . . . to engage in an act which would be in violation of section 28-319, 28-319.01, or 28-320.01 or subsection (1) or (2) of section 28-320.
Rung originally entered a plea of not guilty, but he moved for and was given permission to withdraw the plea so that he could file a motion to quash the information on the basis that § 28-320.02 was facially invalid.
In his motion to quash, Rung asserted that § 28-320.02 is unconstitutional on its face because it violates the Equal Protection Clauses of the U.S. and Nebraska Constitutions and because it is vague and overbroad, in violation of the 1st and 14th Amendments to the U.S. Constitution and article I, § 5, of the Nebraska Constitution. The district court overruled Rung's motion to quash.
With regard to the equal protection challenge, the court characterized Rung's equal protection argument as comparing persons who violate the enticement statute at issue, § 28-320.02, to persons who violate the sexual assault statutes, Neb. Rev. Stat. §§ 28-319, 28-319.01, and 28-320.01 (Reissue 2008). The court concluded that Rung did not meet the threshold showing required for an equal protection claim, because "persons addressed by § 28-320.02 are dissimilar from those persons addressed by § 28-319, § 28-319.01 or § 28-320.01.... [T]hey are not in all relevant aspects alike." With regard to the free speech challenge, the court concluded that § 28-320.02 "is narrowly tailored to achieve a legitimate governmental purpose (the protection of minors from adults seeking sexual relations)" and that "[t]here is no realistic danger that the enforcement of § 28-320.02 will significantly compromise recognized First Amendment protections of persons not currently before the court or will cause persons to refrain from exercising constitutionally protected expression for fear of criminal sanctions." The court further concluded that Rung did not have standing to raise a vagueness challenge to § 28-320.02, because the conduct in which he was alleged to have been engaged was clearly proscribed by the statute.
After the court overruled his motion to quash, Rung waived his right to a jury trial. The case was tried to the bench on stipulated evidence which included police reports and a copy of the screen profile used online by the undercover police officer.
The police reports indicated that on the morning of October 10, 2007, Rung conversed in an online chat room with a police officer who was posing as a girl with the screen name "tendogurl." Rung, who was 37 years old at the time, asked "tendogurl" her age; she responded that she was 15 years old. He asked whether she had been with older men and whether she was willing to meet offline. Rung asked "tendogurl" for a picture of herself, and the police officer sent a picture of a female police officer that was taken when she was 15 years old. Rung sent "tendogurl" nude pictures of himself.
Rung arranged a meeting with "tendogurl" so that they could "get naked and fuck." Rung also asked about oral sex and whether he could take pictures during their encounter. Rung arranged to meet with "tendogurl" that afternoon. Police arrested Rung after he arrived at the designated park and approached an undercover female police officer. During an interview in which Rung waived his Miranda rights, Rung admitted that he believed he was conversing with a 15-year-old girl and that he planned to meet the girl in order to have sexual intercourse with her.
Rung renewed his motion to quash, and the court took the motion under advisement pending its review of the evidence. Following its review of the evidence, the court overruled Rung's renewed motion to quash and found him guilty of violating § 28-320.02(1)(b). The court sentenced Rung to imprisonment for 1 to 2 years and ordered him to be subject to the requirements of Nebraska's Sex Offender Registration Act.
Rung appeals his conviction and sentence.

ASSIGNMENTS OF ERROR
Rung asserts that the district court erred in failing to find § 28-320.02 facially invalid because (1) it violates the Equal Protection Clauses of the U.S. and Nebraska Constitutions and (2) it is vague and overbroad, in violation of the 1st and 14th Amendments to the U.S. Constitution and article I, § 5, of the Nebraska Constitution. Rung also asserts that the court imposed an excessive sentence.

STANDARDS OF REVIEW
[1-3] Whether a statute is constitutional is a question of law; accordingly, we are obligated to reach a conclusion independent of the decision reached by the court below. In re Interest of J.R., 277 Neb. 362, 762 N.W.2d 305 (2009). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. Id. All reasonable intendments must be indulged to support the constitutionality of legislative acts, including classifications adopted by the Legislature. Id.
[4] Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. State v. Branch, 277 Neb. 738, 764 N.W.2d 867 (2009).

ANALYSIS

Rung Misreads § 28-320.02.
Before addressing Rung's specific challenges to § 28-320.02, we note that his constitutional arguments are based in large part on an interpretation of the statute that we find to be erroneous. In sum, Rung argues that § 28-320.02 makes it a crime for a person to use a computer to entice a child 16 years of age or younger to engage in sexual conduct that may or may not be illegal if the person actually engaged in the sexual conduct with the child. We reject Rung's interpretation and find instead that § 28-320.02 criminalizes enticement only when the conduct in which the person seeks to engage would be illegal if the person actually engaged in the conduct.
Rung was charged under § 28-320.02(1), which at that time provided:
No person shall knowingly solicit, coax, entice, or lure (a) a child sixteen years of age or younger or (b) a peace officer who is believed by such person to be a child sixteen years of age or younger, by means of a computer . . . to engage in an act which would be in violation of section 28-319, 28-319.01, or 28-320.01 or subsection (1) or (2) of section 28-320.
Relevant to Rung's arguments herein, we note that under § 28-319(1), "Any person who subjects another person to sexual penetration . . . when the actor is nineteen years of age or older and the victim is . . . less than sixteen years of age is guilty of sexual assault in the first degree" (emphasis supplied), and that under § 28-320.01(1), "A person commits sexual assault of a child in the second or third degree if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older" (emphasis supplied). The terms "sexual penetration" as used in § 28-319 and "sexual contact" as used in § 28-320.01 refer to specific types of sexual conduct as defined in Neb. Rev. Stat. § 28-318(5) and (6) (Reissue 2008).
Rung argues that § 28-320.02 criminalizes enticement of a child 16 years of age or younger to engage in any sort of sexual conduct, whether or not it would be illegal for the person to actually engage in such conduct with the child. As an example of the alleged scope of § 28-320.02, Rung asserts that a 19-year-old could be prosecuted under § 28-320.02 for using a computer to entice a 16-year-old to engage in "sexual penetration," even though under § 28-319, it would be illegal to engage in "sexual penetration" only if the child were less than 16 years of age. He also asserts by way of example that a 19-year-old could be prosecuted under § 28-320.02 for using a computer to entice a 15-year-old to engage in "sexual contact," even though under § 28-320.01, it would be illegal to engage in "sexual contact" only if the child were 14 years of age or younger.
Rung misreads § 28-320.02. By its terms, § 28-320.02 specifically refers to enticing a child "to engage in an act which would be in violation of section 28-319, 28-319.01, or 28-320.01 or subsection (1) or (2) of section 28-320." Therefore, one can violate § 28-320.02 only if the contemplated sexual conduct would be in violation of one of the specified statutes. If one uses a computer to entice a person 16 years of age or younger to engage in an act that would not be in violation of any of the specified statutes, then that person has not violated § 28-320.02. We conclude that Rung's reading of the statute is erroneous, and we evaluate Rung's constitutional challenges with our proper understanding.

Rung Has Not Shown That § 28-320.02 Violates Equal Protection Standards.
Rung first asserts that the district court erred by failing to find that § 28-320.02 is facially invalid because it violates the Equal Protection Clauses of the U.S. and Nebraska Constitutions. He argues that the statute infringes on fundamental rights of free speech and sexual privacy. He also argues that the statute violates equal protection because it imposes on a person who entices a police officer believed to be a child the same punishment that other statutes impose on a person who actually engages in sexual contact with a real child. We reject Rung's arguments and conclude that the court did not err when it concluded that § 28-320.02 does not violate the Equal Protection Clauses of the U.S. and Nebraska Constitutions.
[5,6] Where a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid, and the burden of establishing the unconstitutionality of the statute is on the one attacking its validity. In re Interest of J.R., 277 Neb. 362, 762 N.W.2d 305 (2009). The Equal Protection Clause of the 14th Amendment, § 1, mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This clause does not forbid classifications; it simply keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike. See In re Interest of J.R., supra.
[7] The initial inquiry in an equal protection analysis focuses on whether the challenger is similarly situated to another group for the purpose of the challenged governmental action. Absent this threshold showing, one lacks a viable equal protection claim. Id. In other words, the dissimilar treatment of dissimilarly situated persons does not violate equal protection rights. Id.
[8, 9] In an equal protection challenge to a statute, the level of judicial scrutiny applied to a particular classification may be dispositive. Id. Legislative classifications involving either a suspect class or a fundamental right are analyzed with strict scrutiny, and legislative classifications not involving a suspect class or fundamental right are analyzed using rational basis review. Id.
Rung argues that § 28-320.02 classifies and treats differently those who seek out sexual partners using a computer as compared to those who seek out sexual partners by "more readily accepted venues" such as "a school, a work place, a social club, a church, or a dating service." Brief for appellant at 19. Rung does not attempt to argue that such classification targets a suspect class. Instead, he argues that the classification should receive strict scrutiny because it jeopardizes the exercise of fundamental rights, namely the rights to free speech and sexual privacy.
Rung concedes that speech to promote criminal activity is not protected speech. In U.S. v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000), the U.S. Court of Appeals for the Sixth Circuit stated that a defendant "simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." In U.S. v. Meek, 366 F.3d 705, 721 (9th Cir. 2004), the U.S. Court of Appeals for the Ninth Circuit held that no otherwise legitimate speech was jeopardized by a statute criminalizing inducement of minors for illegal sexual activity because "speech is merely the vehicle through which a pedophile ensnares the victim." Various state courts considering statutes similar to § 28-320.02 have also rejected First Amendment challenges on the basis that speech to entice a minor to engage in illegal sexual activity is not speech protected by the First Amendment. See, Podracky v. Com., 52 Va. App. 130, 662 S.E.2d 81 (2008); State v. Colosimo, 122 Nev. 950, 142 P.3d 352 (2006); State v. Backlund, 672 N.W.2d 431 (N.D. 2003). See, also, People v. Foley, 94 N.Y.2d 668, 731 N.E.2d 123, 709 N.Y.S.2d 467 (2000) (regarding statute criminalizing dissemination of indecent material to minors).
[10] Although Rung concedes this point, he asserts that § 28-320.02 restricts speech regarding activity that is not criminal. He argues that § 28-320.02 is not narrowly drawn to prohibit speech using a computer to entice a child to engage in sexual acts legitimately prohibited by law. Rung's argument is based on his misreading of § 28-320.02. As we discussed above, one can violate § 28-320.02 only by enticing for purposes that, if achieved, would be in violation of one of the specified statutes. Therefore, § 28-320.02 does not implicate speech regarding otherwise legal activity; it targets only speech used for the purpose of enticing a child to engage in illegal sexual conduct, and we agree with the authorities cited above that such speech is not protected by the First Amendment.
Rung also argues that § 28-320.02 should receive strict scrutiny because it jeopardizes the exercise of a fundamental right to sexual privacy recognized by the U.S. Supreme Court in Lawrence v. Texas, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003). However, we have held that "when a law regulates sexual conduct involving a minor, Lawrence is inapplicable." State v. Senters, 270 Neb. 19, 24, 699 N.W.2d 810, 816 (2005). The statute in this case, § 28-320.02, is geared toward enticement of minors to engage in sexual conduct that would violate specified statutes, and as such, § 28-320.02 does not jeopardize the fundamental right recognized in Lawrence.
[11-13] Because Rung asserts no suspect classification and because the statute does not jeopardize a fundamental right, the classification in § 28-320.02 is subject to a rational basis review for equal protection purposes. When a classification created by state action does not jeopardize the exercise of a fundamental right or categorize because of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest. Citizens for Eq. Ed. v. Lyons-Decatur Sch. Dist., 274 Neb. 278, 739 N.W.2d 742 (2007). Under rational basis review, we will uphold a classification created by the Legislature where it has a rational means of promoting a legitimate government interest or purpose. In re Interest of J.R., 277 Neb. 362, 762 N.W.2d 305 (2009). In other words, the difference in classification need only bear some relevance to the purpose for which the difference is made. Id. Under the rational basis test, whether an equal protection claim challenges a statute or some other government act or decision, the burden is upon the challenging party to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification. Id.
Rung argues that § 28-320.02 classifies based on the means by which one seeks out sexual partners and punishes those who use a computer but not those who use other means. We conclude that this classification rationally furthers a legitimate state interest. The State has a legitimate interest in preventing the sexual exploitation of children, and the Legislature rationally could have found that the use of a computer was a particularly effective method for those seeking to engage in prohibited sexual activities to find and entice children.
Rung also argues that § 28-320.02 violates equal protection because it imposes on a person who entices a police officer believed to be a child to engage in sexual contact the same punishment that other statutes impose on a person who actually engages in sexual contact with a real child. Whether or not the basis of this argument is correct, as noted above, the Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike." In re Interest of J.R., 277 Neb. at 382, 762 N.W.2d at 322. Equal protection prevents a government from treating similarly situated persons differently, but it does not prevent government from treating differently situated persons similarly, nor does it prevent the State from imposing similar punishment for different crimes. Rung's argument in this respect does not state an equal protection claim, and we reject it.
We conclude that Rung has not met his burden to show that § 28-320.02 violates equal protection standards. The district court did not err in rejecting Rung's challenge to the statute.

Rung Has Not Shown That § 28-320.02 Is Vague and Overbroad.
Rung next asserts that the district court erred when it rejected his claim that § 28-320.02 is facially invalid because it is vague and overbroad in violation of the 1st and 14th Amendments to the U.S. Constitution and article I, § 5, of the Nebraska Constitution. Rung claims that the statute is overbroad because it targets speech regarding acts that would not otherwise be illegal and that it is vague because it fails to define the crime with sufficient definiteness. We reject Rung's arguments and conclude that the court did not err when it concluded that § 28-320.02 is neither vague nor overbroad.
[14-17] As a general rule, in a challenge to the overbreadth and vagueness of a law, a court's first task is to analyze overbreadth. State v. Hookstra, 263 Neb. 116, 638 N.W.2d 829 (2002). A statute is unconstitutionally overbroad and thus offends the First Amendment if, in addition to forbidding speech or conduct which is not constitutionally protected, it also prohibits the exercise of constitutionally protected speech. State v. Rabourn, 269 Neb. 499, 693 N.W.2d 291 (2005). A statute may be invalidated on its face, however, only if its overbreadth is "substantial," i.e., when the statute is unconstitutional in a substantial portion of cases to which it applies. Id. Stated another way, in order to prevail upon a facial attack to the constitutionality of a statute, the challenger must show either that every application of the statute creates an impermissible risk of suppression of ideas or that the statute is "substantially" overbroad, which requires the court to find a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court. Id.
Rung argues that § 28-320.02 is overbroad because it targets speech regarding acts that would not otherwise be illegal. This argument, similar to other arguments by Rung, is based on his misreading of the statute. As we discussed above, § 28-320.02 criminalizes enticement only when the person entices a child to engage in an act that would be in violation of one of the specified statutes. Rung's argument is therefore without merit, and we reject his assertion that § 28-320.02 is unconstitutionally overbroad.
[18-21] The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. State v. Faber, 264 Neb. 198, 647 N.W.2d 67 (2002). To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that the statute is vague when applied to the conduct of others. Faber, supra; Hookstra, supra. A court will not examine the vagueness of the law as it might apply to the conduct of persons not before the court. Faber, supra. The test for standing to assert a vagueness challenge is the same whether the challenge asserted is facial or as applied. Id.
We conclude that the district court in this case was correct to conclude that Rung did not have standing to challenge § 28-320.02 for vagueness, because the conduct with which Rung was charged is clearly prohibited by § 28-320.02. Rung was charged and convicted of using a computer to entice a police officer he believed to be a 15-year-old girl to engage in sexual penetration. Subjecting a girl under 16 years of age to sexual penetration is a violation of § 28-319. Enticing an officer believed to be a girl under 16 years of age to engage in sexual penetration clearly falls within the prohibition of § 28-320.02.
Although we conclude that Rung lacks standing to challenge § 28-320.02 for vagueness, we note for completeness that Rung again bases his argument on his assertion that the statute could be interpreted to apply to enticement to engage in conduct that would not be illegal. As noted above, Rung misreads § 28-320.02, and his argument is without merit.
Rung has not met his burden to show that § 28-320.02 is unconstitutionally vague or overbroad, and we therefore conclude that the district court did not err in rejecting his challenge.

The District Court Did Not Impose an Excessive Sentence on Rung.
Rung finally asserts that the district court imposed an excessive sentence. We conclude that Rung's sentence is within statutory limits and that the court did not abuse its discretion by imposing the sentence.
Rung was convicted of use of a computer to entice a child or a peace officer believed to be a child for sexual purposes, which at the time was a Class IIIA felony under § 28-320.02(2). The maximum sentence of imprisonment for a Class IIIA felony is 5 years. Neb. Rev. Stat. § 28-105 (Reissue 2008). Therefore, Rung's sentence of imprisonment for 1 to 2 years is within statutory limits.
Rung argues that the district court abused its discretion by failing to sentence him to probation rather than imprisonment. He asserts that probation would have been a more appropriate punishment, because he had no prior criminal history of sex offenses or violent crimes and the offense for which he was convicted did not involve an actual victim because he corresponded with a police officer posing as a 15-year-old girl.
[22-27] An order denying probation and imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion. State v. Nelson, 276 Neb. 997, 759 N.W.2d 260 (2009). The term "judicial abuse of discretion" means that the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. Id. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. Id. In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. Id. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. Id. In considering a sentence of probation in lieu of incarceration, the court should not withhold incarceration if a lesser sentence would depreciate the seriousness of the offender's crime or promote disrespect for the law. Id.
In sentencing Rung, the district court indicated its concern that the sentence should not depreciate the seriousness of the offense. The court commented to the effect that the offense was serious because of the potential harm to children when adults "go onto the computer and . . . try to entice children to engage in acts of sexual conduct." Rung argues that no child was harmed. However, the evidence indicates that Rung fully intended to subject a person he believed to be a 15-year-old girl to sexual penetration. Furthermore, although Rung had no prior history of sexual assaults, his criminal history included several other offenses over a period of almost 20 years. Considering these factors and considering that his sentence is at the lower end of the range of up to 5 years in prison that he could have received, we conclude that the district court did not abuse its discretion by sentencing Rung to imprisonment for 1 to 2 years.

CONCLUSION
We conclude that the district court did not err when it rejected Rung's constitutional challenges to § 28-320.02 on the basis that the statute is facially invalid either because it is a violation of the Equal Protection Clause or because it is vague or overbroad. We further conclude that the court did not abuse its discretion by sentencing Rung to imprisonment for 1 to 2 years. We therefore affirm Rung's conviction and sentence.
AFFIRMED.
McCORMACK, J., participating on briefs.