City of Beatrice, State of Nebraska, appellee,
v. Daniel A. Meints, appellant.
___ N.W.2d ___

Filed May 14, 2013.    No. A-12-626.

1. **Ordinances: Judicial Notice: Appeal and Error.** An appellate court will not take judicial notice of an ordinance not in the record but assumes that a valid ordinance creating the offense charged exists, that the evidence sustains the findings of the trial court, and that the sentence is within the limits set by the ordinance.

2. **Rules of the Supreme Court: Records: Appeal and Error.** Neb. Ct. R. App. P. § 2-104(C) allows any party to file a supplemental transcript prior to the day the case is submitted to the court.

3. **Ordinances: Records: Appeal and Error.** An appellant satisfies his responsibility of including an ordinance in the record by requesting that a copy of the ordinance be included in the transcript prepared by the clerk of the county court.

4. **Constitutional Law: Ordinances: Appeal and Error.** The constitutionality of an ordinance presents a question of law, in which an appellate court is obligated to reach a conclusion independent of the decision reached by the court below.

5. **Criminal Law: Convictions: Evidence: Appeal and Error.** A conviction is supported by sufficient evidence if a rational trier of fact could have found the essential elements of the crime based on the evidence, viewed in the light most favorable to the prosecution.

6. **Judgments: Appeal and Error.** An appellate court will not disturb the factual findings of the trial court unless they are clearly wrong.

7. ____: ____. When reviewing a question of law, an appellate court must reach a conclusion independently of the trial court.

8. **Municipal Corporations: Statutes: Appeal and Error.** Because a municipal code is a legislative enactment, an appellate court analyzes it using the rules of statutory analysis.

9. **Statutes: Appeal and Error.** The rules of statutory analysis require an appellate court to interpret statutory language according to its plain and ordinary meaning.

10. **Statutes.** So far as practicable, a court must give effect to the entire language of a statute, reconciling different provisions so that they are consistent, harmonious, and sensible.

11. **Statutes: Appeal and Error.** An appellate court attempts to give effect to all parts of a statute and avoid rejecting as superfluous or meaningless any word, clause, or sentence.

12. **Constitutional Law: Equal Protection: Statutes: Presumptions: Proof.** An appellate court presumes that a statute challenged under the Equal Protection Clause is valid, and the burden of establishing the unconstitutionality of the statute is on the one attacking its validity.

13. **Equal Protection.** The Equal Protection Clause does not forbid states from classifying people, but it keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike.

14. ____. In equal protection challenges, the court applies different levels of judicial scrutiny to different classifications.

15. ____. The court applies a rational basis level of scrutiny to a classification when no fundamental right or suspect classification is involved.

16. ____. A state has broad discretion to classify if the classification has a reasonable basis, for example in the areas of economics and social welfare.

17. ____. If a rational basis level of scrutiny is appropriate, because a classification does not affect fundamental rights or involve a suspect class, a court will find that a government act is a valid exercise of police power if the act rationally relates to a legitimate governmental purpose.

18. **Equal Protection: Motor Vehicles.** A classification based on the location of motor vehicle registration is not the type of suspect classification that warrants strict judicial scrutiny.

19. **Constitutional Law: Statutes.** As a general rule, in a challenge to the overbreadth and vagueness of a law, a court's first task is to analyze overbreadth.

20. **Constitutional Law: Criminal Law: Statutes.** A statute is void for vagueness if it does not define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited.

21. **Constitutional Law: Statutes: Standing.** To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that the statute is vague when applied to the conduct of others.

Appeal from the District Court for Gage County, Daniel E. Bryan, Jr., Judge, on appeal thereto from the County Court for Gage County, Steven B. Timm, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Gregory A. Butcher, Beatrice City Attorney, for appellee.

Sievers, Pirtle, and Riedmann, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Daniel A. Meints appeals his conviction of violating Beatrice City Code § 16-21 (1994), which requires the operator of a motor vehicle registered in Nebraska to provide proof of financial responsibility to a requesting law enforcement officer. He

claims that the ordinance is a violation of the Equal Protection Clause and is unconstitutionally vague; therefore, according to Meints, the evidence was insufficient to support a conviction. We disagree and affirm his conviction.

## II. BACKGROUND

In November 2011, Meints was involved in an accident while riding his motorcycle in Beatrice, Nebraska. As a result of the accident, Meints was transported to a hospital. Officer Anthony Chisano went to the hospital and asked Meints for proof of insurance, but Meints was unable to provide it at that time. A few days later, Officer Chisano again asked Meints for proof of insurance or financial responsibility. Officer Chisano advised Meints that he needed to obtain proof of his insurance or financial responsibility and present it to the Beatrice City Attorney within 10 days. Meints allegedly informed Officer Chisano that he was financially responsible and that his statement was his proof.

Meints was subsequently issued a citation for violating § 16-21, which prohibits a person from operating a motor vehicle registered in Nebraska "without having a current and effective automobile liability policy, evidence of insurance, or proof of financial responsibility." Meints did not present proof of an automobile liability policy or financial responsibility to the Beatrice City Attorney after being issued the citation. The next month, the Beatrice City Attorney filed the citation and charged Meints with one count of "No Proof of Insurance." At trial, Meints offered two invoices from an insurance company in support of his contention that he was insured on the date of the accident. One is a supplemental bill for a policy change on a policy with an expiration date of October 14, 2011. The other is a contingent renewal offer for the same policy and carries the notation "renewal offer contingent upon payment of amount shown as total due." Meints testified that he was not sure whether he paid either invoice.

In February 2012, the Gage County Court convicted Meints of violating § 16-21. The court sentenced him to a $100 fine, plus court costs. Meints appealed to the Gage County District

Court, alleging insufficiency of the evidence and unconstitutionality of the ordinance. Due to Meints' failure to provide a copy of the ordinance to the district court, the district court presumed the ordinance was constitutional under the "ordinance rule" and affirmed the conviction of the trial court. On further appeal to this court, Meints provided a copy of the ordinance in a supplemental transcript.

## III. ASSIGNMENTS OF ERROR

Meints argues, condensed and restated, that the trial court erred in (1) finding the evidence supported the conviction, (2) failing to find § 16-21 violates the Equal Protection Clauses of the U.S. and Nebraska Constitutions, and (3) failing to find § 16-21 violates the Due Process Clauses of the U.S. and Nebraska Constitutions.

## IV. ANALYSIS

### 1. Sufficiency of Record

[1] Before addressing Meints' assigned errors, we first address whether a copy of § 16-21 is properly before us. An appellate court will not take judicial notice of an ordinance not in the record but assumes that a valid ordinance creating the offense charged exists, that the evidence sustains the findings of the trial court, and that the sentence is within the limits set by the ordinance. *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992); *State v. Salisbury*, 7 Neb. App. 86, 579 N.W.2d 570 (1998). Therefore, if the ordinance is not properly before us, our analysis of this case is based upon the above-cited assumptions.

[2] Meints did not provide a copy of the ordinance in either the transcript or the bill of exceptions when he appealed from the county court to the district court. He did not initially request that a copy of the ordinance be included in the transcript to this court. After Meints filed his brief, the City of Beatrice filed a motion for summary affirmance, based upon Meints' failure to include the ordinance in the record. Meints then filed a supplemental transcript that included the ordinance. Neb. Ct. R. App. P. § 2-104(C) allows any party to file a supplemental

transcript prior to the day the case is submitted to the court; therefore, this court denied the City of Beatrice's subsequent motion to strike the supplemental transcript and its motion for summary affirmance.

[3,4] In *State v. Bush*, 254 Neb. 260, 576 N.W.2d 177 (1998), the Nebraska Supreme Court held that an appellant satisfies his responsibility of including an ordinance in the record by requesting that a copy of the ordinance be included in the transcript prepared by the clerk of the county court. Furthermore, the constitutionality of an ordinance presents a question of law, in which an appellate court is obligated to reach a conclusion independent of the decision reached by the court below. *Anthony, Inc. v. City of Omaha*, 283 Neb. 868, 813 N.W.2d 467 (2012). Therefore, neither Meints' failure to include the ordinance in the record to the district court nor his failure to include it in the initial transcript to this court precludes us from fully addressing his assigned errors.

## 2. Finding Evidence Supported Conviction

Meints argues that the evidence in this case does not support a finding that he violated § 16-21. Specifically, Meints argues that the ordinance does not require him to produce documentation that his motorcycle was covered by an automobile liability insurance policy; rather, he claims the ordinance only requires that he actually be covered by an automobile insurance policy. He argues that there is no proof he did not have an effective automobile insurance liability policy at the time of the accident. In the alternative, Meints argues that his verbal affirmation of financial responsibility satisfied the ordinance. We disagree.

[5-7] A conviction is supported by sufficient evidence if a rational trier of fact could have found the essential elements of the crime based on the evidence, viewed in the light most favorable to the prosecution. See *State v. Branch*, 277 Neb. 738, 764 N.W.2d 867 (2009). An appellate court will not disturb the factual findings of the trial court unless they are clearly wrong. See *State v. Wood*, 220 Neb. 388, 370 N.W.2d 133 (1985). When reviewing a question of law, however, an

appellate court must reach a conclusion independently of the trial court. See *Nelson v. City of Omaha*, 256 Neb. 303, 589 N.W.2d 522 (1999).

(a) Requirement to Prove
Insurance Coverage

[8-10] Because a municipal code is a legislative enactment, an appellate court analyzes it using the rules of statutory analysis. See *id*. The rules of statutory analysis require an appellate court to interpret statutory language according to its plain and ordinary meaning. See *id*. So far as practicable, a court must give effect to the entire language of a statute, reconciling different provisions so that they are consistent, harmonious, and sensible. See *Van Patten v. City of Omaha*, 167 Neb. 741, 94 N.W.2d 664 (1959).

Section 16-21 states in pertinent part:

(a) It shall be unlawful for any owner of a motor vehicle . . . which is required to be registered in this state and which is operated on a street or alley to allow the operation of a motor vehicle on a street or alley without having a current and effective automobile liability policy, evidence of insurance, or proof of financial responsibility. . . . This subsection shall not apply to motor vehicles registered in another state.

(b) An owner who is unable to produce a current and effective automobile liability policy, evidence of insurance, or proof of financial responsibility upon the request of a law enforcement officer shall be allowed ten (10) days after the date of the request to produce proof to the city attorney that a current and effective automobile liability policy or proof of financial responsibility was in existence for the motor vehicle at the time of such request.

(c) Every person who violates this section shall be guilty of a misdemeanor upon conviction and shall be fined not more than five hundred dollars ($500.00) and shall be advised by the court that his or her motor vehicle operator's license, motor vehicle certificate of registration, and license plates will be suspended by

the State of Nebraska, Department of Motor Vehicles, until he or she complies with R.R.S. sections 60-505.02 and 60-528.

Meints argues that § 16-21 does not require him to show proof of automobile liability insurance, but requires only that he have a policy in effect. While one might derive that impression from reading only subsection (a) of § 16-21, subsection (b) requires motor vehicle owners to produce the policy, evidence of insurance, or proof of financial responsibility to requesting law enforcement officers. Subsection (b) states that an owner who is unable to produce such proof to a requesting law enforcement officer must present the proof to the city attorney within 10 days.

Subsection (b) does not distinguish between individuals who are unable to present proof of insurance to an officer because they do not have an insurance policy and individuals who are simply unwilling to present proof of insurance to an officer for other reasons, such as stubbornness. All individuals unable to present proof to a law enforcement officer have 10 days to present proof to the city attorney. Subsection (c) indicates that individuals who are unable to present proof of an insurance policy or of financial responsibility to an officer or the city attorney may be fined up to $500.

In this case, Meints did not present an insurance policy, evidence of an insurance policy, or proof of financial responsibility to Officer Chisano or to the city attorney. He argues one of the exhibits shows he had an automobile liability policy in effect, but the exhibit shows evidence only of a policy that expired the month before the accident, in October 2011. Meints did not produce any evidence that he was insured on the date of the accident; therefore, sufficient evidence existed to support the conviction.

### (b) Verbal Affirmation of Financial Responsibility

[11] Meints asserts that he stated he was financially responsible to Officer Chisano and that his statement proved he was financially responsible. We do not agree that Meints' verbal statement of financial responsibility met the requirements of

§ 16-21(b). As stated above, we analyze an ordinance in the same manner in which we analyze a statute. Statutory language is to be given its plain and ordinary meaning. *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004). The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute. *Amen v. Astrue*, 284 Neb. 691, 822 N.W.2d 419 (2012). The court attempts to give effect to all parts of a statute and avoid rejecting as superfluous or meaningless any word, clause, or sentence. *Id*.

Subsection (b) requires that a party "produce" either a policy, evidence of a policy, or proof of financial responsibility. To "produce" is defined as to "offer to view or notice." Webster's Third New International Dictionary of the English Language, Unabridged 1810 (1993). We read the plain language of § 16-21 to require physical documentation, not merely a self-serving oral statement.

Accordingly, we agree with the trial court that Meints' verbal statement did not meet the legal requirements for proving financial responsibility under § 16-21.

### 3. Failing to Find § 16-21 Violates Equal Protection

Meints argues that he cannot be convicted of violating § 16-21, because the ordinance violates the Equal Protection Clauses of the U.S. and Nebraska Constitutions. Specifically, Meints argues that the ordinance is unconstitutional because its limited application to vehicles registered in Nebraska irrationally singles out residents for violations. We disagree.

[12] Whether an ordinance is constitutional is a question of law, and an appellate court has an obligation to reach a conclusion independent of the decision reached by the court below. See *Anthony, Inc. v. City of Omaha*, 283 Neb. 868, 813 N.W.2d 467 (2012). An appellate court presumes that a statute challenged under the Equal Protection Clause is valid, and the burden of establishing the unconstitutionality of the statute is on the one attacking its validity. See *State v. Rung*, 278 Neb. 855, 774 N.W.2d 621 (2009).

[13] The Equal Protection Clause of the 14th Amendment, § 1, mandates that no state shall "deny to any person within

its jurisdiction the equal protection of the laws." The Equal Protection Clause does not forbid states from classifying people, but it keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike. See *Rung, supra*.

[14-17] In equal protection challenges, the court applies different levels of judicial scrutiny to different classifications. See *id*. The court applies a rational basis level of scrutiny to a classification when no fundamental right or suspect classification is involved. *Citizens for Ed. Eq. v. Lyons-Decatur Sch. Dist.*, 274 Neb. 278, 739 N.W.2d 742 (2007). Fundamental rights have been defined as those that are "''"implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed."'" *Id*. at 296, 739 N.W.2d at 758 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 117 S. Ct. 2258, 138 L. Ed. 2d 772 (1997)). A state has broad discretion to classify if the classification has a reasonable basis, for example in the areas of economics and social welfare. See *Graham v. Richardson*, 403 U.S. 365, 91 S. Ct. 1848, 29 L. Ed. 2d 534 (1971). If a rational basis level of scrutiny is appropriate, because a classification does not affect fundamental rights or involve a suspect class, a court will find that a government act is a valid exercise of police power if the act rationally relates to a legitimate governmental purpose. See *Citizens for Ed. Eq., supra*.

In this case, the Beatrice ordinance, § 16-21, requires operators of motor vehicles registered in this state to carry, and be able to provide, proof of insurance or financial responsibility. The ordinance distinguishes between vehicles registered in Nebraska and vehicles registered in another state.

[18] We evaluate § 16-21 under a rational basis standard because the ordinance does not affect any fundamental rights or involve an inherently suspect classification. See *Porter v. Jensen*, 223 Neb. 438, 390 N.W.2d 511 (1986) (noting that driving is not fundamental right). A classification based on the location of motor vehicle registration is not the type of suspect classification that warrants strict judicial scrutiny.

Under a rational basis review, § 16-21 must rationally relate only to a legitimate governmental purpose. In this case,

§ 16-21 rationally relates to the government interest of protecting persons using the public highways from financially irresponsible, negligent motorists. We note that § 16-21 is virtually identical to Neb. Rev. Stat. § 60-3,167 (Reissue 2010), and although that statute is not part of Nebraska's Motor Vehicle Safety Responsibility Act, it serves a common purpose. The Nebraska Supreme Court has upheld the constitutionality of the Motor Vehicle Safety Responsibility Act, stating that its purpose is to "'protect the public on the highways against the operation of motor vehicles by financially irresponsible persons'" and that

> "in the interests of the public the state may make and enforce regulations reasonably calculated to promote care on the part of all who use its highways." *Hadden v. Aitken*, 156 Neb. 215, 221, 55 N.W.2d 620, 623 (1952), *overruled on other grounds, Stauffer v. Weedlun*, 188 Neb. 105, 195 N.W.2d 218 (1972).

*Russell v. State*, 247 Neb. 885, 890, 531 N.W.2d 212, 215 (1995).

We believe that § 16-21 serves the same interest as does the Motor Vehicle Safety Responsibility Act in protecting the public on the highways against the operation of motor vehicles by financially irresponsible persons. While § 16-21 imposes a requirement only upon those vehicles registered in this state, we do not find such a restriction violates the Equal Protection Clause. As articulated by the Massachusetts Supreme Court regarding a similar law:

> The use of . . . motor vehicles [not registered in this state] may be found by the Legislature to be small in comparison with that of such vehicles registered in accordance with our laws. The expense of enforcing the law with respect to them may be found to be excessive. It may be that there are other difficulties in the way. Moreover, a classification including only motor vehicles registered under our statutes cannot be pronounced unreasonable. Nonresident owners of motor vehicles or motor vehicles not registered under our laws doubtless might be included within the law.

*Opinion of the Justices*, 251 Mass. 569, 602, 147 N.E. 681, 696 (1925).

Because § 16-21 rationally relates to the legitimate governmental purpose of protecting the public on the highways against financially irresponsible persons, it does not violate the Equal Protection Clauses of the U.S. and Nebraska Constitutions. Therefore, this assignment of error is without merit.

### 4. FAILING TO FIND § 16-21 VIOLATES DUE PROCESS

Meints argues that § 16-21 violates the Due Process Clauses of the U.S. and Nebraska Constitutions because it is overly broad and vague. We disagree.

#### (a) Overbreadth

[19] As a general rule, in a challenge to the overbreadth and vagueness of a law, a court's first task is to analyze overbreadth. *State v. Faber*, 264 Neb. 198, 647 N.W.2d 67 (2002). An attack on the overbreadth of a statute asserts that language in the statute impermissibly infringes on a constitutionally protected right. *Id*. Meints does not identify upon what constitutionally protected right § 16-21 infringes. He cites only *State v. Rung*, 278 Neb. 855, 774 N.W.2d 621 (2009), a case involving a conviction of use of a computer to entice a child for sexual purposes. In *Rung*, the defendant claimed Neb. Rev. Stat. § 28-320.02 (Reissue 2008) was overbroad because it prohibited not only the use of nonconstitutionally protected speech, but also the use of constitutionally protected speech.

Since Meints does not identify any constitutionally protected right, this assignment is without merit.

#### (b) Vagueness

[20] Meints argues that § 16-21 should be void for vagueness because it does not sufficiently define the prohibited conduct. A statute is void for vagueness if it does not define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited." *State v. Rung*, 278 Neb. at 866, 774 N.W.2d at 632.

[21] To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that

the statute is vague when applied to the conduct of others. *Rung, supra*. As stated above, we find that § 16-21 requires the operator of a motor vehicle registered in this state to produce an insurance policy, proof of a policy, or proof of financial responsibility to requesting law enforcement officers. Meints failed to produce the required proof, and therefore, he lacks standing to assert that § 16-21 is void for vagueness.

## V. CONCLUSION

Finding that the evidence supports Meints' conviction and that § 16-21 of the Beatrice City Code is not unconstitutional, we affirm the decision of the district court affirming the decision of the trial court.

Affirmed.